# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 14-880-LPS-CJB |
| HUMEDICA, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

1. Before the Court in this patent infringement action is a Motion to Modify the Scheduling Order (the "Motion"), filed by Non-Party Intervenor Cerner Health Services, Inc. ("Cerner"). (D.I. 63) Cerner seeks a 30-day extension for the following three case deadlines set out in the Scheduling Order (D.I. 35): (1) Plaintiff's production of an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes, currently due by April 10, 2015, (*id.* at ¶ 8(c)); (2) Defendant's production of initial invalidity contentions for each asserted claim, as well as the known related invalidating references, currently due by May 15, 2015, (*id.* at ¶ 8(d)); and (3) the filing of motions to join other parties, and to amend or supplement the pleadings (except inequitable conduct), currently due to be filed on or before August 3, 2015, (*id.* at ¶ 2). (D.I. 63 at 1) Defendant Humedica, Inc. ("Humedica") opposes anything more than a 14-day extension for these three deadlines. (D.I. 69 at 6)[1]

---

[1] After standard briefing was completed on the Motion, Humedica filed a motion seeking leave to file a sur-reply brief, (D.I. 73), to which Cerner has responded, (D.I. 76). "A Court may grant leave to file a sur-reply brief if it responds to new evidence, facts, or arguments." *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013). Having reviewed the parties' submissions, the Court concludes that Cerner did not raise "new arguments" or "new facts" in its reply brief regarding the Motion;

2. On November 25, 2014, following a Case Management Conference with Plaintiff Siemens Medical Solutions USA, Inc. ("Siemens") and Humedica, the Court entered the Scheduling Order. (D.I. 35) A few months later, on February 2, 2015, as part of a transaction in which a Cerner affiliate acquired a Siemens affiliate, Cerner purportedly acquired from Siemens all rights in the four asserted patents in this case. (D.I. 63 at 1-2) Accordingly, on February 19, 2015, Siemens and Cerner filed a joint motion seeking to have Cerner intervene and replace Siemens as Plaintiff and Counterclaim-Defendant in this action ("the motion to intervene and/or substitute"). (D.I. 54) Humedica does not oppose the intervention of Cerner in the action, but does oppose Siemens's request to withdraw from the case. (D.I. 61) The motion to intervene and/or substitute is not yet fully briefed, (*see* D.I. 70), and remains pending before the District Court.

3. Federal courts have broad discretion in managing discovery. *Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012). Modifications to a scheduling order are governed by Rule 16(b) of the Federal Rules of Civil Procedure, which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed R. Civ. P. 16(b)(4); *see also Dow Chem. Canada*, 287 F.R.D. at 270. To demonstrate the good cause necessary to allow for modification of a scheduling order, the moving party must demonstrate that, despite its own diligent efforts, scheduling deadlines cannot be met. *See McDerby v. Daniels*, C.A. No. 08-882-GMS, 2010 WL 2403033, at *6 (D. Del. June 16, 2010); *Gonzalez v. Comcast Corp.*, No. Civ.A. 03-445-KAJ, 2004 WL 2009366, at *1 (D. Del. Aug. 25, 2004); *see*

---

instead, the complained-of material was responsive to theories and arguments raised in Humedica's answering brief, which themselves were relevant to topics addressed in Cerner's opening brief. Therefore, the motion seeking leave to file a sur-reply is DENIED.

*also Cloud Farm Assocs., L.P. v. Volkswagen Grp. of Am. Inc.*, C.A. No. 10-502-LPS, 2012 WL 3069390, at *2 (D. Del. July 27, 2012). Thus, whether Rule 16(b)(4)'s good cause requirement is met depends on the "'diligence of the movant, and not on prejudice to the non-moving party.'" *Cloud Farm Assoc.*, 2012 WL 3069390, at *2 (quoting *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 618 (D. Del. 2008)).

4. The Court concludes that Cerner has acted diligently. Cerner has just recently acquired the asserted patents from an unrelated entity. (D.I. 63 at 1-2) Prior to the close of the asset transfer in February 2015, Cerner did not have a legally cognizable interest in the litigation, and therefore understandably did not participate in the negotiation of the case schedule or otherwise have litigation counsel involved in the case. (D.I. 71 at 3-4) However, following the acquisition, Cerner moved swiftly to retain litigation counsel (different from Siemens's counsel), intervene in the action, and reach out to Humedica's counsel to discuss an extension of certain case deadlines. (*See* D.I. 54; D.I. 63 at 2-3; D.I. 64, ex. A) Indeed, Cerner first raised extending the deadlines at issue during a call with Humedica on February 20, 2015, and Humedica did not voice clear opposition to the request until nearly one month later. (D.I. 64, ex. A at 2-3; *see also* D.I. 71 at 1-2) Cerner filed the instant Motion soon thereafter. (*See* D.I. 71 at 3)

5. The Court also concludes that Cerner is seeking a modest extension to certain deadlines that it cannot reasonably meet. Cerner explains that the requested extensions are necessary to allow Cerner "sufficient time to acclimate to the litigation; be formally added as a proper party; download, review, and analyze Humedica's technical document production [some of which it just received on March 17, 2015]; and serve meaningful claim charts identifying the asserted claims and accused products for four patents comprising 166 claims." (D.I. 63 at 3; *see*

*also* D.I. 71 at 3) Given the timing of the recent acquisition, Cerner's rationale is understandable, and its proposed modification to the scheduling order is reasonable under the circumstances—it requests a relatively short, 30-day extension to only three case deadlines. The Court thus finds that Cerner has shown good cause for the requested modification to the Scheduling Order.[2]

6. Humedica's opposition to Cerner's request focuses largely on the purported prejudice that such an extension would cause it. (*See, e.g.*, D.I. 69 at 2 ("In short, Cerner's requested extension would significantly prejudice Humedica . . . .")) To the extent that prejudice to the opposing party may be considered here, see *Dow Chem. Canada*, 287 F.R.D. at 270 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)), the Court finds that any potential prejudice to Humedica does not overcome the good cause established by Cerner. Humedica argues that the requested extension of the infringement contention deadline "would substantially prejudice Humedica's ability to prepare its [*inter partes* review ("IPR")] petitions in time to meet its statutory deadline of July 15, 2015." (D.I. 69 at 11 (citing 35 U.S.C. § 315(b))) However, Humedica has already agreed to a two-week extension to the relevant deadlines, (*see* D.I. 69 at 6, D.I. 64, ex. A at 2), and it has not convincingly set out how an additional two weeks

---

[2] Humedica's arguments to the contrary solely address the first deadline at issue (Plaintiff's deadline to serve infringement contentions). (*See* D.I. 69) Specifically, Humedica asserts that "non-party" Cerner has failed to demonstrate good cause for the requested extension because *Siemens* is the party obligated to provide the disclosures under the Scheduling Order, and *Siemens* should be able to provide the infringement contentions by the agreed-upon deadline. (*Id.* at 1-10) This position overlooks the reality that *Cerner* now holds rights in the asserted patents (perhaps all rights), and accordingly Cerner will inevitably be joined as a party (if not substituted as the sole Plaintiff, should the motion to intervene and/or substitute currently pending before the District Court be granted in its entirety). (*See* D.I. 71 at 4) It makes good sense for this deadline to be re-set for a date that Cerner and Siemens (if necessary) can both reasonably meet.

would amount to undue prejudice to it. (*Cf.* D.I. 69 at 6 ("Humedica could not agree to a longer extension without *potentially* jeopardizing its ability to adequately prepare its IPR petitions.") (emphasis added)) Indeed, as explained above, it appears that Humedica contemplated a proposed extension for almost a month before rejecting it. (D.I. 64, ex. A at 2-3; *see also* D.I. 71 at 1-2) Under the modified case schedule proposed by Cerner, Humedica would be left with a little over two months to complete its IPR petitions following its receipt of the initial infringement contentions. And Cerner points out that Humedica would not be starting from scratch, as Siemens provided Humedica with claim charts several months ago mapping several independent claims from each of the asserted patents to several accused products (to which Humedica responded with a 25-page letter). (D.I. 63 at 4 (citing D.I. 64, ex. A at 1 & D.I. 38 at 33))

7. For these reasons, the Court hereby GRANTS Cerner's request to extend the remaining case deadlines as set out in its Motion, (D.I. 63 at 5).[3] The parties should be prepared to meet the new deadlines.

8. Lastly, Humedica's request for oral argument, (D.I. 75), is denied.

9. It is SO ORDERED.

---

[3] Humedica argues that if the Court grants Cerner's motion, it should order Siemens and Cerner to limit the number of claims asserted in their infringement contentions. (D.I. 69 at 13) The Court DENIES this request. The Scheduling Order already obligates Plaintiff to reduce its number of asserted claims to fourteen claims per patent by October 14, 2015. (D.I. 35 at ¶ 18) As the Scheduling Order was entered in November 2014, the October 2015 deadline allowed for nearly one year for the initial narrowing of claims process. Cerner only became involved in this litigation in February 2015, and the Court is unpersuaded that it should now require Cerner to complete this process in a much shorter three-month window. In any event, the Court trusts that Cerner does not intend to file initial contentions regarding an unwieldy number of asserted claims.

Dated: April 8, 2015

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE